IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Criminal Action Number** |
| | ) | **14-00124-01-CR-W-SRB** |
| **Henry Thomas Hammond,** | ) | |
| *a/k/a* **Tommy Hammond** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION AND ORDER

On April 30, 2014, defendant Henry Thomas Hammond ("Hammond") was indicted in a 12-count indictment. Pending before the Court, is Hammond's MOTION TO DISMISS INDICTMENT [Doc. 25].

The right to be charged by a grand jury in an indictment is guaranteed by the United States Constitution for certain crimes. Specifically, the Fifth Amendment provides that: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . ." U.S. CONST. amend. V. In addition, the Sixth Amendment guarantees that: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation. . . ." U.S. CONST. amend. VI. These rights, as well as the Fifth Amendment's due process clause, are brought to bear when a criminal defendant challenges the sufficiency of an indictment. *Russell v. United States*, 369 U.S. 749, 761, 82 S.Ct. 1038, 1045 (1962).[1]

---

[1] The Constitutional requirements are further implemented by the Federal Rules of Criminal Procedure which specifies that an "indictment . . . must be a plain, concise, and definite

The Supreme Court has set out a relatively simple test to determine whether an indictment is sufficient:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907 (1974) (*citing Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417 (1932) *and United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113 (1953)). This test ensures that a grand jury has considered and found all essential elements of the offense charged. *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir.1988).

In considering a motion to dismiss an indictment for insufficiency, the Court must make a determination from the face of the indictment. Unlike civil litigation, there is no summary judgment procedure in criminal cases nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. *United States v. Nabors,* 45 F.3d 238, 240 (8th Cir. 1995); *United States v. Critzer,* 951 F.2d 306, 307 (11th Cir. 1992). Although the Supreme Court initially set out the *Hamling* test in two prongs, the test actually includes three requirements: (1) the indictment must contain the elements of the offense charged, (2) it must put the defendant on fair notice of the charges against him, and (3) it must enable the defendant to assert a double jeopardy defense. *See*, *e.g.*, *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir.2006); *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998). In considering these requirements, the Court must be mindful that an indictment should not be read in a hyper-technical fashion. *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1998). To that end, it is not necessary "for a particular word or phrase [to] appear in the indictment when the element is alleged 'in a form'

---

written statement of the essential facts constituting the offense charged. . . ." FED. R. CRIM. P. 7(c)(1).

[that] substantially states the element." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988). In general, an indictment is sufficient unless no reasonable construction can be said to charge the offense. *O'Hagan,* 139 F.3d at 651; *United States v. Fleming,* 8 F.3d 1264, 1265 (8th Cir. 1993).

In this case, Hammond argues that each and every one of the 12 counts of the indictment are insufficient in that they fail to allege sufficient details and are "vague, indefinite, inconsistent and confusing." Having carefully reviewed the subject indictment, however, the Court denies the motion to dismiss. The 12 counts of the indictment adequately inform Hammond of the charges against him (bank fraud, wire fraud, bankruptcy fraud, misuse of seals of departments, and engagement in monetary transactions in property derived from unlawful activity). The indictment sufficiently sets out the elements for those alleges crimes and enables Hammond to assert any available Double Jeopardy defense.

In addition, Hammond argues that the indictment should be dismissed because it contains irrelevant, immaterial, and prejudicial surplusage by repeatedly "incorporating by reference" into each count numerous "beginning statements" that provide "background facts." Typically surplusage in an indictment is addressed by a motion to strike rather than a motion to dismiss. And, to that end, in fact, Hammond has also filed a MOTION TO STRIKE [Doc. 24]. As noted by another district court:

> A motion to strike surplusage from an indictment . . . should be
> granted only where it is clear that the allegations contained therein
> are not relevant to the charge made or contain inflammatory and
> prejudicial matter. This is an exacting standard and therefore,
> motions to strike surplusage are rarely granted.

*United States v. Robinson*, 2012 WL 4855206, op. at *3 (E.D. Mo. Oct. 12, 2012) (*citations omitted*). In this case, the Court denies Hammond's motion to strike the alleged "surplusage"

from the indictment because the information contained therein is relevant to the charges made against Hammond and is not improperly inflammatory or prejudicial. Moreover, based on those findings, the Court certainly will not find the alleged surplusage justifies a dismissal of the indictment.

Hammond has additionally moved for an order directing the government to file a bill of particulars [Doc. 26]. A bill of particulars is not required when the indictment is sufficient to apprise the defendant of the charges against him. *See*, *e.g.*, *United States v. Matlock*, 675 F.2d 981 (8th Cir. 1982). Inasmuch as the Court has found that the subject indictment is sufficient to permit Hammond to prepare his defense, a bill of particulars is unwarranted. Moreover, the specific information sought by Hammond does not warrant a bill of particulars. Hammond's request seeks evidentiary details and is, in any reasonable reading, an effort at mere discovery. The Eighth Circuit has held that a bill of particulars may not be used for discovery purposes. *United States v. Hill*, 589 F.2d 1344 (8th Cir. 1979).

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** HAMMOND'S MOTION TO DISMISS INDICTMENT [Doc. 25].

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice. It is further

**ORDERED** that HAMMONDS MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT [Doc. 24] and HAMMOND'S MOTION FOR BILL OF PARTICULARS [Doc.26] are **DENIED**.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**
